```
                    Glenn B Stearns  Chapter 13 Trustee
                      4343 Commerce Court, Suite 120
                             Lisle, IL 60532
                    Ph:630-577-1313   Fax:630-577-1341
```

In re:
JOHN M WHITE
RUTH A WHITE                              ROBERT J SEMRAD & ASSOC
                                          407 S DEARBORN ST #600
Case No. 04 B 13171                       CHICAGO IL
Account No. 5085                                                    60605


JOHN M WHITE                              WASHINGTON MUTUAL BANK
41680 N DOT PL                            7255 BAYMEADOWS WAY
ANTIOCH IL                                MAILSTOP JAXB2007
                     60002                JACKSONVILLE FL       32256

   NOTICE OF PAYMENT OF FINAL MORTGAGE CURE AMOUNT UNDER PARAGRAPH B(2)(b) OF PLAN

   Please take notice that the final payment of the cure amount specified in Section
E of the confirmed plan of the above referenced debtor has been paid.  Pursuant to
the plan, all pre-petition obligations of the debtor have been satisfied and the
mortgage holder is required to treat the mortgage as reinstated and fully current
unless the debtor has failed to make timely payments of post-petition obligations.

   If the debtor has failed to make timely payments of any post-petition obligation,
the mortgage holder is required to itemize all outstanding payment obligations as of the
date of the notice and file a statement of these obligations with the court.  The notice
shall be filed with the court within sixty (60) days (or as such longer time as the
court may order) of the service of the notice of cure from the Trustee and the notice
shall be served to the debtor, debtor's attorney, and the standing trustee.  If the
mortgage holder fails to file and serve a statement of outstanding obligations within
the required time, the holder is then required to treat the mortgage as reinstated
according to its original terms and fully current as of the date of the trustee's notice.

   If the mortgage holder does serve a statement of outstanding obligations within the
required time, the debtor may (i), within thirty (30) days of the service of the
statement, challenge the accuracy of the statement by a motion filed with the court
as a contested matter with notice to the mortgage holder and the standing trustee or
(ii), propose a modified plan to provide for payment of additional amounts that the
debtor acknowledges or the court determines to be due.  To the extent that the amounts
set forth on a timely filed statement of outstanding obligations are not determined by
the court to be invalid or are not paid by the debtor through a modified plan, the
right of the mortgage holder to collect these amounts will be unaffected.

   Any costs of collection, including attorney fees, incurred by the mortgage holder
after filing of this bankruptcy case and before the final payment of the cure amount
specified in Section E may be added to that cure amount pursuant to court order on
on motion of the holder.  Otherwise, any such costs of collection shall be claimed
pursuant to sub-paragraph (b) above.

   The undersigned certifies that this notice was sent to the above named parties on
August 14, 2007

                                          /S/ Kate Hayes
                                          _____

                                          For: Glenn Stearns, Standing Trustee